**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

---

| | |
|---|---|
| **CRISTIAN ANDRES SALTO CARCHI** | **CIVIL CASE NO. 26-804 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **PAMELA BONDI, ET AL** | **MAGISTRATE JUDGE AYO** |

---

## MEMORANDUM ORDER

Pending before the Court is an Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction filed by Cristian Andres Salto Carchi ("Petitioner"). (R. Doc. 26). Having carefully considered Petitioner's submissions and the applicable law, Petitioner's Motion for TRO is **GRANTED IN PART AND DENIED IN PART**.

### I.    BACKGROUND

Petitioner is a 22-year-old Spanish and Ecuadorian national. *See* R. Doc. 25 at 4. He came to the United States in March of 2022, when he was 18 years old, after experiencing neglect and abandonment by his biological father and abuse by his step father. *See id.* at 10. When he arrived, he was admitted to the United States pursuant to the Visa Waiver Program. *See id.* In September 2024, Petitioner applied for Special Immigrant Juvenile ("SIJ") status. *See id.* SIJ status is a classification awarded to minors who, according to U.S. Citizenship and Immigration Service ("USCIS"), "need the protection of a juvenile court because [they] have been abused, abandoned, or

neglected by a parent."[1] USCIS approved Petitioner's SIJ status petition on January 2, 2025, and granted his deferred action for a four-year period, until January 2, 2029. *See* R. Doc. 25 at 11. Petitioner's deferred action also allowed him to apply for employment authorization, which he obtained to support himself and his family. *See* R. Doc. 26-1 at 5.

Despite following all immigration rules and having no criminal history, *see* R. Doc. 25 at 25, Petitioner was arrested and taken into Immigration and Customs Enforcement ("ICE") custody on December 15, 2025, *see id*. at 11–12. Petitioner filed a habeas Petition on March 4, 2026, *see generally* R. Doc. 1, but just five days later, on March 9, 2026, USCIS "abruptly terminated that deferred action and revoked Petitioner's employment authorization, without any advance notice, explanation, or opportunity to respond." *See* R. Doc. 26-1 at 6; *see also* R. Doc. 25 at 13. Petitioner has now been informed by ICE agents that he will be removed from the United States on April 26, 2026. *See* R. Doc. 26-1 at 6.

## II.   LAW & ANALYSIS

An applicant for a TRO must demonstrate each of the following:

(1) A substantial likelihood of success on the merits;
(2) A substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied;
(3) The threatened injury must outweigh any damage that the temporary restraining order will cause the non-movant; and
(4) The temporary restraining order will not disserve the public interest.

*Ali v. Williams*, No. 1:25-CV-00419, 2025 WL 3092776, at *1 (W.D. La. July 29, 2025).

---

[1] https://www.uscis.gov/working-in-US/eb4/SIJ

A party may seek a TRO to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Id.* (citing Norman Bridge Drug Co. v. Banner, 529 F.2d 822, 829 (5th Cir. 1976)). The extraordinary relief of a temporary restraining order should not be granted unless the movant clearly carries the burden of persuasion as to all four requirements. *Id.* at *2. So, when "a party fails to meet any of the four requirements," the Court must deny the TRO. *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 607 (N.D. Tex. 2006). Likewise, granting such requests should "be treated as the exception rather than the rule." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 622 (5th Cir. 1985).

## A. Likelihood of Success on the Merits

Based on Petitioner's verified allegations in the Petition, Petitioner is likely to succeed on the merits of his procedural due process claim. "To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in *Matthews v. Eldridge*, 424 U.S. 319 (1976)." *Martinez v. Noem*, No. 5:25-CV-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Matthews*, 424 U.S. at 335.

    *1.* Matthews *Factors*

Here, based on the allegations in the Petition, USCIS approved Petitioner's SIJ status petition on January 2, 2025, and granted his deferred action for a four-year period, until January 2, 2029. *See* R. Doc. 25 at 11. Then, on December 15, 2025, Petitioner was arrested and taken into custody. *See id.* at 11–12. He filed his habeas Petition asserting his protected status on March 4, 2026, *see generally* R. Doc. 1, and on March 9, 2026, just five days after Petitioner filed his habeas Petition, USCIS unilaterally terminated the grant of deferred action and related employment authorization. *See* R. Doc. 25 at 13. This was done with no explanation or opportunity to respond. "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). However, as other courts have recognized, once someone such as Petitioner was granted deferred action and SIJ status, which included lawful presence as a parolee and the ability to seek work authorization, he had a protected property and liberty interest under the due process clause. *See, e.g., Inland Empire - Immigrant Youth Collective v. Nielsen*, 2018 WL 4998230, at \*19 (C.D. Cal. Apr. 19, 2018) ("[E]ven absent a claim of entitlement to an important benefit, once it is conferred, recipients have a protected property interest that requires a fair process before the government may take that benefit away.") (collecting cases). "Plainly, the grant of SIJ status, deferred action and work authorization constitute important benefits such that revocation would constitute 'cognizable prejudice.'" *Garcia Lanza v. Noem*, No. 26-0029 (GRB), 2026 WL 585130, at \*7 (E.D.N.Y. Mar. 3, 2026). Thus,

Petitioner had a substantial private interest in remaining out of custody, and the first *Matthews* factor is satisfied.

The Court also finds that the risk of erroneous deprivation, the second *Matthews* factor, "is considerable given the grant of SIJ status and deferred action." *Garcia Lanza*, 2026 WL 585130, at *7. Petitioner was afforded no advance notice or explanation, much less the right to be heard. Finally, the third *Matthews* factor, the government's interest in holding Petitioner without a hearing is low, particularly in light of Petitioner's SIJ status and lack of any meaningful criminal record and history of overall compliance with the immigration system. Therefore, the Court finds that Petitioner is likely to succeed on his due process claim.

## B. Irreparable Injury

"To make a sufficient showing of irreparable harm, a party must demonstrate that the threatened harm would occur before the court can reach a decision on the merits of the case, and the party must show that there is a likelihood that the irreparable harm will occur." *Util. Constr. Services v. Ethridge*, No. 5:24-CV-78-DCB-ASH, 2025 WL 697197, at *3 (S.D. Miss. Mar. 4, 2025). Based on the facts presented, Petitioner has alleged that he will be removed from the United States as soon as April 26, 2026. *See* R. Doc. 26-1 at 16. Based on this, Petitioner has made the requisite showing of irreparable harm because "it is well-established that the deprivation 'of constitutional rights constitutes irreparable harm as a matter of law.'" *Campaign for S. Equal. v. Bryant*, 64 F. Supp. 3d 906, 950 (S.D. Miss. 2014), *aff'd*, 791 F.3d 625 (5th Cir. 2015); *see also Carlos Guerra Leon v. Kristi Noem, et al.*, No. 3:25-CV-1495,

5

2025 WL 4113562, at *3 (W.D. La. Oct. 30, 2025) ("The erroneous deprivation of an alien's liberty, 'for even minimal periods of time, unquestionably constitutes irreparable injury.'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

### C. Balance of Equities and Public Interest

Finally, a balance of the equites and public interest also weigh in Petitioner's favor. *Nken*, 556 U.S. at 435 (noting that the final two TRO factors "merge when the Government is the opposing party."). The irreparable harm Petitioner would suffer, including loss of his deferred action benefits, outweighs any injury to the Government's generalized interest in enforcement of its immigration laws. Furthermore, injunctive relief serves the public interest by ensuring the Government adheres to the regulatory process of the SIJ status program.

For the reasons set forth herein,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 26) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court finds that the Petitioner is entitled to an order temporarily restraining the Government from executing his removal from the United States for a period of fourteen (14) days from entry of this order pursuant to Federal Rule of Civil Procedure 65(b).

**IT IS FURTHER ORDERED** that Petitioner's Motion for TRO is **DENIED** to the extent that it seeks an order vacating the revocation of Petitioner's period of

deferred action and work authorization, and Petitioner's Motion for Preliminary Injunction is **DENIED**.

**IT IS FURTHER ORDERED** that Federal Respondents must file a response to Petitioner's habeas Petition within seven (7) days after the entry of this order. Respondents shall file in brief form any summary judgment evidence on what process was given under the applicable statutes and regulations.

**IT IS FURTHER ORDERED** that Petitioner may file his reply within three (3) days after the answer is filed.

**THUS DONE AND SIGNED** this 21st day of April, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

7