UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CRISTIAN ANDRES SALTO CARCHI     CIVIL CASE NO. 26-804 SEC P

VERSUS     JUDGE EDWARDS

PAMELA BONDI, ET AL     MAGISTRATE JUDGE AYO

## MEMORANDUM RULING AND ORDER

Pending before the Court is an Amended Petition for Writ of Habeas Corpus (R. Doc. 25) filed by Cristian Andres Salto Carchi ("Petitioner"). David Easterwood, Kristi Noem, Pamela Bondi, and Todd Lyons ("Federal Respondents") responded (R. Doc. 28). Petitioner replied (R. Doc. 29).

After careful consideration of the parties' memoranda and the applicable law, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner is a 22-year-old Spanish and Ecuadorian national. *See* R. Doc. 25 at 4. He came to the United States on March 3, 2022, when he was 18 years old, after experiencing neglect and abandonment by his biological father and abuse by his stepfather. *See id.* at 10. When he arrived, he was admitted to the United States pursuant to the Visa Waiver Program ("VWP") until May 31, 2022. *See id.*; *see also* R. Doc. 28-2. The VWP authorizes the government to waive visa requirements for citizens of certain approved countries. *See* 8 U.S.C. § 1187. Under the terms of the program, a noncitizen entering the United States agrees to leave within 90 days and

agrees to waive the right "to contest, other than on the basis of an application for asylum, any action for removal of the alien" in exchange for the expedited entry process. 8 U.S.C. § 1187(b)(2). By obtaining a visa waiver as a tourist for a limited time, Petitioner accepted conditions of admission that included an agreement to depart by May 31, 2022. *See* R. Doc. 28-1.

Instead of leaving the country by May 31, 2022, Petitioner remained present without admission, and in September 2024, Petitioner applied for Special Immigrant Juvenile ("SIJ") status. *See* R. Doc. 25 at 10. SIJ status is a classification awarded to minors who, according to U.S. Citizenship and Immigration Service ("USCIS"), "need the protection of a juvenile court because [they] have been abused, abandoned, or neglected by a parent."[1] USCIS approved Petitioner's SIJ status petition on January 2, 2025, and granted his deferred action for a four-year period, until January 2, 2029. *See* R. Doc. 25 at 11. Petitioner's deferred action also allowed him to apply for employment authorization during the same four-year period, which he obtained to support himself and his family. *See id.* Petitioner has not applied for adjustment of status to become a lawful permanent resident ("LPR") with USCIS because he is not eligible to do so for a few more years. *See id.*

Despite following all immigration rules and having no criminal history, *see id.* at 25, Petitioner was arrested and taken into Immigration and Customs Enforcement ("ICE") custody on December 15, 2025, *see id.* at 11–12. Petitioner filed a habeas Petition on March 4, 2026, *see generally* R. Doc. 1, but just five days later, on March

---

[1] https://www.uscis.gov/working-in-US/eb4/SIJ

9, 2026, USCIS "abruptly terminated that deferred action and revoked Petitioner's employment authorization, without any advance notice, explanation, or opportunity to respond." *See* R. Doc. 26-1 at 6; *see also* R. Doc. 25 at 13. Petitioner remains detained and has been informed that he will be removed from the United States to Spain. *See* R. Doc. 26-1 at 6.

## II.    LAW & ANALYSIS

### a.  Procedural Due Process

Petitioner alleges that Federal Respondents violated his procedural due process rights under the Fifth Amendment by terminating his deferred action without any notice or the opportunity to be heard. *See* R. Doc. 25 at 16–19.

The procedural due process guarantee of the Fifth Amendment does not attach to every governmental action that affects a person adversely. *See Hernandez Garcia v. Mullin*, No. 25-605, 2026 WL 1266246, at *10 (E.D. Tenn. May 8, 2026). When a protected interest is at stake, courts determine the process due by weighing the private interest, the risk of erroneous deprivation under the procedures used, and the government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). But the *Mathews* inquiry presupposes a protected interest. *See The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–71 (1972). "But the range of interests protected by procedural due process is not infinite." *Id.* at 570. "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). Where none exists, the balancing never begins. "In the immigration context, … 'when suspension of deportation is

discretionary, it does not create a protectable liberty or property interest.'" *See Hernandez Garcia*, 2026 WL 1266246, at *11 (quoting *United States v. Estrada*, 876 F.3d 885, 887 (6th Cir. 2017)).

Here, Petitioner has no protected liberty or property interest in continued deferred action status. *See Rivera Hernandez v. Noem*, No. 9:25-CV-00326, 2025 WL 3754434, at *3 (E.D. Tex. Dec. 19, 2025) (deferred action status "can be revoked at any time.") (internal quotations and citation omitted). "Deferred action is, at its foundation, a discretionary act that by its own terms confers no legally enforceable rights on the recipient." *Hernandez Garcia*, 2026 WL 1266246, at *11. USCIS's Policy Manual explicitly states this: "If USCIS previously granted deferred action to an alien with SIJ classification in the exercise of discretion, the alien's deferred action remains valid for the authorized period, unless terminated by USCIS, on a case-by-case basis, as a matter of discretion." 6 USCIS-PM J.4(G)(1).[2] And Petitioner's Termination Notice reiterates it: ""Deferred action is a discretionary determination .... You may not appeal or move to reopen/reconsider this decision." *See* R. Doc. 28-5 at 1. Without a protected liberty or property interest in continued deferred action status, Federal Respondents owed him no notice or opportunity to be heard before terminating it. *See generally Ralda v. Blanche*, 2026 WL 1683132 (W.D. La. June 10, 2026).

### b.  Substantive Due Process

Petitioner asserts that his detention violates substantive due process because the government cannot lawfully remove him from the United States, if his deferred

---

[2] https://www.uscis.gov/policy-manual/volume-6-part-j-chapter-4.

action is restored. *See* R. Doc. 25 at 19–20; *see also* R. Doc. 29 at 7. This argument is unavailing as the termination of Petitioner's deferred action status was within the government's discretion, as explained above, and cannot be restored by the Court on the grounds of unconstitutionality.

Petitioner further challenges the lawfulness of his detention by asserting that his removal is unlawful based on his SIJ status. *See* R. Doc. 25 at 21; *see also* R. Doc. 29 at 7. Federal Respondents argue that Petitioner waived any right to contest his removal when he signed up for the VWP. *See* R. Doc. 28 at 3. They argue the fact he stayed beyond the period authorized by his waiver in 2022 makes him immediately removable, without recourse to administrative or judicial review because of the VWP's no-contest provision. *See id.* at 4. Federal Respondents are correct that Petitioner's initial entry was pursuant to the VWP and that Petitioner violated its terms by remaining in the country after May 31, 2022.

Under the VWP, aliens have no right to "contest ... any action for removal" once their 90 days are up (save for claiming asylum, which Petitioner does not). *See* 8 U.S.C. § 1187(b)(2). Indeed, "the linchpin of the program is the waiver, which assures that a person who comes here with a VWP visa will leave on time and will not raise a host of legal and factual claims to impede his removal if he overstays." *Handa v. Clark*, 401 F.3d 1129, 1135 (9th Cir. 2005).

The Court finds that Petitioner's argument that his SIJ status prevents removal effectively, "contest[s] removal." *See Ferry v. Gonzales*, 457 F.3d 1117, 1126 (10th Cir. 2006) ("Ferry argues that he does not seek to 'contest' the DHS district

director's removal order. Instead, Ferry maintains that he wants to 'cure' the order of removal through his statutory right to an adjustment of status. Ferry's argument is merely semantic, and is without support under the applicable statutes and regulations, or the law of this circuit."). The Court lacks jurisdiction over Petitioner's claim that he cannot be removed due to his SIJ status. *See Lacey v. Gonzales*, 499 F.3d 514, 518 (6th Cir. 2007) (treating waiver of a claim under the Visa Waiver Program as a question of subject-matter jurisdiction).

### c. First Amendment Retaliation

As it pertains to Petitioner's First Amendment Retaliation claim, habeas "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Rather, "if a favorable determination … would not automatically entitle [the detainee] to accelerated release, the proper vehicle is a § 1983 suit" instead. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). As explained above, this Court determined that the termination of Petitioner's deferred action status was not unconstitutional. Thus, a favorable determination on Petitioner's First Amendment claim "would not automatically entitle [Petitioner] to accelerated release. *See id*. As such, his claim is not cognizable in habeas, and the proper vehicle is a § 1983 suit. *See id*.; *see also Hicks v. Federal Bureau of Prisons*, No. 16-3907, 2017 WL 3468368, at *2 (6th Cir. June 5, 2017) ("[The petitioner] may not use § 2241 to pursue a claim concerning a violation of his rights under the First Amendment."); *Shaw v. Dretke*, No. 03-050, 2005 WL 2179133, at *3 (N.D. Tex. Sept. 8, 2005) ("Petitioner's First Amendment claim does not implicate the fact or duration

of his confinement and is, therefore, not cognizable in a habeas proceeding."). Accordingly, Petitioner's claims regarding the termination of his deferred action status fail.

### d. Unlawful Arrest

Petitioner argues that his arrest during a traffic stop violated the Fourth Amendment and 8 U.S.C. § 1357. *See* R. Doc. 25 at 26–28. Petitioner claims that he was arrested without probable cause by ICE agents, and the warrant was issued after he was detained. *See* R. Doc. 29 at 2–3. For a Fourth Amendment violation, the suppression of evidence is the typical remedy. *United States v. Mendez*, 885 F.3d 899, 909 (5th Cir. 2018) (citation omitted). But "[t]he 'body' or identity of a defendant in a ... civil proceeding is never itself suppressible ... even if it is conceded that an unlawful arrest, search, or interrogation occurred." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); *see also Rodrigues De Oliveira v. Joyce*, No. 2:25-CV-00291-LEW, 2025 WL 1826118, at *5 (D. Me. July 2, 2025) (noting the argument "that an illegal arrest automatically results in an illegal detention is misguided"); *Huerta v. Bradford*, No. 9:26-CV-00114, 2026 WL 1045945, at *2 (E.D. Tex. Mar. 10, 2026) ("[A]n unlawful arrest, without more, does not entitle the arrestee to habeas relief.") (citation omitted). Since we have already determined that Petitioner is lawfully detained, *see ante* at XX–XX, his Fourth Amendment claim cannot succeed. *See Antonio v. Bondi, et al.*, No. 3:26-CV-00610-LS, 2026 WL 1213820, at *2 (W.D. Tex. May 4, 2026) ("[A] claim asserting an alleged Fourth Amendment violation has no bearing on the legality of detention pending removal or during removal proceedings.").

### III.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus (R. Doc. 25) is **DENIED**.

**THUS DONE AND SIGNED** this 25th day of June, 2026.

_____

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**